**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

WESLEY MULLINS,

Plaintiff,

v.

BEN BRIESCHKE,
ROBERT "BOB" HARRELL,
LARRY COFFMAN,
DR. KEN CARLSON,
LT. ROGER PERSON,
SGT. DEAN FROKJER,
SUSAN CHURCHILL, and
MIKE KICKBUSH,

Defendants.

Civil No. 00-1393 (PAM/ESS)

**REPORT & RECOMMENDATION**

---

THIS MATTER is now before the undersigned Magistrate Judge of District Court on Plaintiff's various discovery motions [Docket Nos. 9, 21, 22]; Plaintiff's motion for appointment of counsel [Docket No. 14]; Plaintiff's motion for a temporary restraining order ("TRO") [Docket No. 23]; and his motion to file an amended complaint [Docket No. 18]. Plaintiff, a prisoner at the Minnesota Correctional Facility, Oak Park Heights, Minnesota ("OPH"), commenced this action by filing a complaint in this District on June 7, 2000. He is attempting to sue various prison officials under 42 U.S.C. § 1983 for allegedly violating his federal constitutional rights.

In an order dated June 26, 2000, the Court granted Plaintiff's application to proceed in this matter in forma pauperis. On July 6, 2000, Plaintiff filed a motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a). On July 24, 2000, this Court issued a Report and Recommendation to the Honorable Paul A. Magnuson recommending that Plaintiff's motion

DEC 2 6 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

be granted.[1] However, Plaintiff subsequently filed a motion to withdraw his motion for voluntary dismissal. On November 3, 2000, Chief Judge Magnuson issued an order granting Plaintiff's request that his motion for voluntary dismissal be withdrawn. During the time between the Court's Report and Recommendation and Chief Judge Magnuson's order, Plaintiff filed all but one of the motions currently before the Court.

**DISCUSSION**

I. Motion to Amend the Complaint

Plaintiff's original complaint names as Defendants Ben Briescke (a hearing officer at OPH), Robert Harrell (the "A/W" at OPH), Mike Green (a "prosecutor" at OPH for due process hearings), Larry Coffman (also a "prosecutor"at OPH), Dr. Ken Carlson (the mental health director at OPH), Lt. Roger Person (officer in charge of the segregation unit at OPH), Sgt. Dan Frokjer (the sergeant in charge of the segregation unit at OPH), Susan Churchill (the case manager of the segregation unit at OPH), and Mike Kickbush (a correctional officer in the segregation unit at OPH). Plaintiff alleges that the Defendants violated his free speech and due process rights under the First and Fourteenth Amendments to the Constitution of the United States by placing him in segregation and by rejecting his appeals. Plaintiff seeks declaratory and injunctive relief as well as monetary damages.

Plaintiff filed a motion for leave to file an amended complaint dated August 8, 2000,

---

[1] In that Report and Recommendation the Court noted that because none of the named defendants has been served, let alone filed an answer or other responsive pleading, a court order was not necessary for Plaintiff to dismiss his suit at that time. However, because Plaintiff had sought judicial action by filing a motion to dismiss, and the effect of Plaintiff's filing a notice of dismissal and the Court granting Plaintiff's motion to dismiss are the same, the Court recommended that the motion should be granted. See Mullins v. Briescke, Civil No. 00-1393, Docket No. 11.

which names James Bruton (the Warden at OPH), Sgt. Don Doan (a correctional officer working at the segregation unit at OPH), and Officer Wayne Joyce (Also a correctional officer at OPH) as additional Defendants. Plaintiff filed a second motion for leave to file an amended complaint dated August 17, 2000, which seeks to name Natalie Leseman (the lead mail room worker at OPH) as an additional Defendant. In accordance with Local Rule 15.1, Plaintiff submitted a copy of his proposed new pleadings along with these motions to amend.

According to Fed. R. Civ. P. 15(a), leave to amend shall be "freely given when justice so requires." While there has been some delay in addressing the motions to amend the complaint, the Court finds no reason to believe that any Defendant will be prejudiced by allowing Plaintiff to file an amended complaint. As already noted, Plaintiff has complied with the requirements of Local Rule 15.1, by submitting a copy of his proposed new pleadings. Given these circumstances, the Court concludes that Plaintiff's motion to amend, (Docket No. 18), should be granted. The Clerk should be directed to file the Amended Complaints that were submitted with Plaintiff's motions, and assign them docket numbers.[2]

II. Screening the Amended Complaint

Because Plaintiff is a prisoner who is seeking redress from individuals who work for a governmental agency, (namely the Minnesota Department of Corrections), his pleading is subject to the screening procedures prescribed by 28 U.S.C. § 1915A, which is part of the Prison

---

[2] Plaintiff is currently proceeding with three actions before this Court: Mullins v. Bruton, Civil No. 00-614; Mullins v. Briescke, Civil No. 0-1393; and Mullins v. Crist, Civil No. 00-2051. Since filing his motion to amend, Plaintiff has filed documents in this action under the caption Mullins v. Bruton. Plaintiff is reminded that even though his motion to amend the complaint in this action is granted, the caption for the case remains Mullins v. Briescke. Failure to properly title any subsequent filings will likely result in confusion in docketing and needless delay.

Litigation Reform Act of 1995, ("PLRA"). Section 1915A requires federal courts to screen the pleadings in every prisoner civil action brought against governmental employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). See also 42 U.S.C. § 1997e(c). The Court has reviewed the instant complaint pursuant to § 1915A, and has determined to defer any ruling on Plaintiff's claims on the four additional Defendants. For now, Plaintiff will be allowed to prosecute his claims against these Defendants.

III. Appointment of Counsel

Also before the Court at this time is Plaintiff's motion for appointment of counsel. (Docket No. 6.) Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Here, the Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions, and that he is able to

communicate effectively with the Court. The Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff. Plaintiff's request for counsel should therefore be denied.[3]

IV. Temporary Restraining Order

Plaintiff has filed a motion for a TRO and a preliminary injunction. Plaintiff contends that he is continually denied the amount of paper, envelopes and copies he requires in order to prosecute this action. Plaintiff has submitted as an exhibit a copy of a "Division Directive" from the Minnesota Department of Corrections which states in relevant part:

> "An indigent prisoner may receive, free of charge, the following items: one (1) pen as needed; ten (10) sheets of writing paper per week; two (2) first class postage paid business size envelopes per week (up to 4" x 9 ½"); ten (10) sheets of legal photocopies per week;
> ***
> The [indigent] offender may request larger or additional envelopes or paper for legal purposes if required by the courts and approved by the warden/superintendent or designee."

See Affidavit in Support of Plaintiff's Motion for a TRO (Docket No. 20), Exhibit A. Plaintiff seeks an order restraining the officials and employees at OPH from denying him, in the absence of a court order, the paper, envelopes and copies he seeks in order to prosecute his legal claims.

Whether a preliminary injunction or a TRO should issue involves consideration of "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). The burden of proving a preliminary injunction should be issued "rests

[3] If it should appear that this case actually will proceed to trial, Plaintiff may then renew his request for appointment of counsel.

entirely with the movant." Id. While no single factor is determinative, the absence of a finding of irreparable harm is sufficient grounds for vacating a preliminary injunction. Id. Because the Court finds that Plaintiff will not suffer irreparable harm if his motion for a TRO and preliminary injunction is not granted, the motion should be denied.

The essence of Plaintiff's request for a TRO and preliminary injunction is that the prison's policy of providing indigent prisoners a limited amount of writing materials and copies threatens to deny his access to the courts. It is well established that prison officials may not deny or obstruct an inmate's access to the courts to present a claim. McMaster v. Pung, 984 F.2d 948, 953 (8th Cir. 1993), citing Bounds v. Smith, 430 U.S. 817, 821 (1977). In Bounds, the Supreme Court stated that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828. However, unless inmates are denied complete access to the law library, they must assert actual injury or prejudice. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994). In this context an "actual injury" consists of "some specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989), quoting Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982) (finding no constitutional violation where prisoner had to wait ten days to have document notarized).

Here, Plaintiff has not alleged a specific instance in which he was actually denied access to the courts because of the prison's policy on providing supplies. In his memorandum in support of his motion, Plaintiff merely states that if he isn't supplied with what he considers an adequate amount of paper and other supplies, "[Plaintiff] may never be able to press his legal claims forward." Plaintiff has not alleged that he has missed a filing date or been unable to file a

motion on time due to a lack of writing supplies. Indeed, a cursory check of the docket sheets of the three actions Plaintiff has filed reveals that he has been able to file numerous motions in each case. Without a showing of actual injury in the past, or a showing of an imminent threat of actual injury, the Court finds that Plaintiff has not shown a threat of irreparable harm if his motion is not granted. Therefore, Plaintiff's request for a TRO and a preliminary injunction should be denied at this time.

V. Discovery

As already noted, Plaintiff has filed several motions to compel discovery. The Court finds that these motions are premature and should be denied without prejudice. As noted above, there has been a delay in considering these motions while Plaintiff's motion to withdraw his prior motion for voluntary dismissal was being ruled on. However, because the Court has granted Plaintiff's motion to amend his complaint and add four new Defendants, these four Defendants have obviously not been served with a summons, let alone had the opportunity to file an answer. The Court recognizes Plaintiff's obvious desire to proceed with his case, but the Court also notes the need to proceed with discovery in an orderly fashion. Therefore, when the new Defendants file their answers in this matter, the Court will issue a pretrial scheduling order that will detail the period for discovery and the timing of any motions to compel discovery. In the meantime, nothing in this recommendation prevents any party from disclosing any information required to be disclosed by the Federal Rules of Civil Procedure.

**CONCLUSION**

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Leave to File an Amended Complaint [Docket No. 18] be **GRANTED**, and that Plaintiff's proposed amended complaints be filed bythe Clerk of Court;

2. The Clerk of Court shall issue a summons, and the U.S. Marshal shall effect service of process on Defendants James Bruton, Sgt. Don Doan, Officer Wayne Joyce, and Natalie Leseman;

3. Those Defendants on whom service of process is effected shall be required to file a response to the Complaint;

4. Plaintiff's motion for appointment of counsel [Docket No. 14] be **DENIED**;

5. Plaintiff's motion for a temporary restraining order and a preliminary injunction [Docket No. 23] be **DENIED**; and

6. Plaintiff's various discovery motions [Docket Nos. 9, 21, 22] be **DENIED WITHOUT PREJUDICE**.

Dated: Dec. 27, 2000

E.S. SWEARINGEN
United States Magistrate Judge